# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-00034-KDB-DSC

| | |
|---|---|
| NORTH CAROLINA BAPTIST HOSPITALS INC. et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WAYNE HOWARD DULA et. al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Remand" (Doc. 8) and the parties' briefs and exhibits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration. Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be <u>granted</u> as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, this is a state law collection action brought by Plaintiffs against Defendants for unpaid medical services provided to Defendant Wayne Dula. Defendant was a participant in a group health plan ("the Plan") sponsored by his employer and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. ch. 18 (2018). <u>See</u> (Doc. 1-4), at 2. Plaintiffs also named Dula's spouse as a Defendant based upon North Carolina's common law doctrine of necessaries. Plaintiffs North Carolina Baptist Hospital and Wake Forest University Health Sciences both provided medical services to

Defendant. (Doc. 1-1), at 4-8. Defendant executed forms assigning to Plaintiffs and/or to their affiliates his rights to reimbursement from the Plan for medical services. See (Doc. 1-7), at 2; (Doc. 1-5), at 4. The administrator of the Plan determined the amounts due to Plaintiffs under the Plan's terms. See (Doc. 1-5), at 2-10. Defendant paid some of the allowed amounts in the form of co-payments and deductibles and the Plan paid the remainder. (Doc. 1-7), at 2-7; (Doc. 1-6), at 2-15. The balance owed to North Carolina Baptist Hospital after applying all credits and deductions is $30,933.52. (Doc. 1-1), at 5. The balance owed to Wake Forest University Health Sciences after applying all credits and deductions is $7,164.27. Id. at 6.

On February 6, 2020, Plaintiffs filed the present action in Wilkes County District Court. On March 12, 2020, Defendants filed a Notice of Removal alleging federal question subject matter jurisdiction based upon ERISA. Notice of Removal (Doc. 1). On April 7, 2020, Plaintiffs filed this Motion to Remand for lack of subject matter jurisdiction.

## II. DISCUSSION

Subject matter jurisdiction is a threshold issue for the Court. When any removed case lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect nor consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); U.S. v. Cotton, 535 U.S. 625, 630 (2002)); Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Federal district courts possess original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," referred to as federal question subject matter jurisdiction. 28 U.S.C. § 1331 (2018). A federal district court may exercise jurisdiction over a civil action filed in state court and subsequently removed by a defendant only if the federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a) (2018); Sonoco Prod. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003). The federal removal statute plainly requires a district court to remand a case if it finds itself without subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c) (2018). Federal courts must "narrowly interpret removal jurisdiction" in deference to federalism. Sonoco, 338 F.3d at 370. The burden of demonstrating removability rests on the removing party, Prince v. Sears Holding Corp., 848 F.3d 173, 176 (4th Cir. 2017), and courts resolve doubt in favor of remand. Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018).

**A. The Requirements for Complete Preemption Are Not Satisfied in this Case**

The "well-pleaded complaint" rule generally governs "whether a particular case arises under federal law" for purposes of subject matter jurisdiction. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). An exception to this general rule applies in cases involving "complete preemption." Then "a federal statute wholly displaces the state-law cause of action" and provides the basis for removal based upon federal question jurisdiction. Id. (internal quotations omitted). "[W]hen complete preemption exists, there is 'no such thing' as the state action…since the federal claim is treated as if it appears on the face of the complaint because it effectively displaces the state cause of action." Lontz v. Tharp, 413 F.3d 435, 441 (4th Cir. 2005) (internal citation omitted).

Although "[t]he presumption . . . is against finding complete preemption," Id. at 440, the doctrine has been applied in the context of ERISA's civil enforcement provision, 29 U.S.C. §

1132(a) (2018) (hereinafter "Section 502(a)"). Lontz, 413 F.3d at 441; see Prince, 848 F.3d at 177 (recognizing that Section 502 "has the potential to preempt state law causes action"). Section 502(a), in relevant part, authorizes an ERISA "participant" or "beneficiary" to commence a civil action for the recovery of benefits under an ERISA plan and for the enforcement or clarification of rights under the plan. 29 U.S.C. § 1132(a)(1). In analyzing complete preemption under Section 502(a), the Fourth Circuit applies a three-part test:

> (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must "fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a)"; and (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

Sonoco, 338 F.3d at 372.

Applying the first prong of the Fourth Circuit test, Plaintiffs do not have standing under Section 502(a) because they have not and cannot assert these claims in the capacity of an ERISA participant or beneficiary. Plaintiffs have brought a state law collection action against Defendants seeking to recover a debt for medical services. Defendants argue that Plaintiffs have derivative standing to bring their claims under Section 502(a) as assignees of Defendant Wayne Dula. However, "[the Fourth Circuit has] never addressed the question of derivative standing for ERISA benefits." Brown v. Sikora & Assoc., Inc., 311 F. App'x 568, 570 (4th Cir. 2008). Even assuming arguendo that Plaintiffs can rely on derivative standing, Defendants disregard the fact that derivative standing depends upon the acknowledgement that the assignee-provider has an independent legal right of action against the assignor-patient. Id. at 571 ("When assignees of ERISA benefits have been found to have derivative standing, they could have sued the actual ERISA participants, who would then have clearly had standing to sue for the unpaid ERISA benefits."). Merely "allowing" suit under ERISA by a provider-assignee based upon derivative

standing does not preclude a provider's ability to pursue a patient directly under state law. The very theory of derivative standing rests upon the notion that the provider-assignee is able to bring a cause of action against the patient. Defendants cannot assert that derivative standing through an assignment confers 502(a) standing but also contend that state law claims brought by Plaintiffs can only be viewed as claims for ERISA benefits.

Moreover, derivative standing is not applicable to this case because Section 502(a) does not authorize an ERISA benefits action by a party in its beneficiary capacity against a party in its participant capacity. There is a split among circuit courts as to the issue of proper defendants under Section 502(a), but there is no indication that possible defendants would extend beyond the plan, employer, or administrator. Here, Plaintiffs have not sued an ERISA plan, employer, or some other fiduciary. Rather, Plaintiffs assert claims against Defendants for which they do not have standing as beneficiaries under Section 502(a). Therefore, the first prong of the three-part test fails.

The second prong of the test is not met because Plaintiffs' claims do not fall within the scope of an ERISA provision enforceable through Section 502(a). Plaintiffs do not seek the recovery of benefits due under the purported Plan or enforcement or clarification of rights under the Plan. See 29 U.S.C. § 1132(a)(1). Rather, they seek a money judgment against Defendants for a debt arising from unpaid account balances. Finally, the third prong of the test is not satisfied because Plaintiffs' claims do not require interpretation of the Plan. Plaintiffs assert straight forward state law claims for unpaid medical services against Defendants. Since Defendants have failed to show that each requirement of the three-part test has been met, the doctrine of complete preemption does not apply and cannot form the basis for this Court to exercise subject matter jurisdiction.

**B. Defendants Present No Other Valid Basis for Federal Question Subject Matter Jurisdiction**

Defendants do not have any valid argument for federal question subject matter jurisdiction. First, the need to consult the terms of the Plan does not create a federal cause of action. The Fourth Circuit "has consistently held that the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses." Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004). Here, there is no federal cause of action since Plaintiffs have only asserted state law claims. Defendants' argument that novation presents a federal question also fails under the well-pleaded complaint rule because the novation theory is simply a defense to Plaintiffs' claims. Defendants further argue that the rights under the Plan are created by federal law, including federal common law, and therefore this Court has federal question jurisdiction. But Defendants rely on conflict preemption which is a defense and "does *not* provide a basis for federal jurisdiction." Sonoco, F.3d at 371 (emphasis in original).

For those reasons, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Plaintiffs' Motion to Remand" (Doc. 8) be **GRANTED** and this matter be **REMANDED** to Wilkes County District Court.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: May 27, 2020

David S. Cayer
United States Magistrate Judge